FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 04 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MINISTER KEVIN R. DESSISSO, TTEE;
MINISTER ANGELA M. DESSISSO, Co TTEE;
and DESSISSO EL BEY TRUST,

                              Plaintiffs,

      v.

MICHAEL FENTON, Esq., Deed (CRFN) 201700367947;
FILLMORE REAL ESTATE, Jacqueline Alexander
and or Assign; and JOHN/JANE DOE, Occupants,

                              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-2801 (WFK) (SMG)

**WILLAM F. KUNTZ, II, United States District Judge:**

On May 10, 2018, Plaintiffs paid the filing fee to initiate this *pro se* action seeking to regain possession of their foreclosed home.[1] Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On March 24, 2017, Plaintiffs' real property was foreclosed. Compl. at 32, ECF No. 1. On June 9, 2017, Defendant Michael Fenton, Esq, who was the duly appointed Referee, sold Plaintiffs' property. *Id.* Plaintiffs provide scant factual allegations in support of their claim. Instead, they annex a series of exhibits to the complaint. One of the exhibits is a copy of the "Dessisso El Bey Trust," which appears to indicate that on March 23, 2017, one day prior to the foreclosure, Plaintiffs conveyed the property to the trust by warranty deed. *Id.* at 10, 12.

---

[1] The Court notes that Plaintiffs previously attempted to remove the underlying foreclosure action to this Court. By Order dated September 28, 2015, this Court denied their request for removal and remanded the action to the Supreme Court of the State of New York, Queens County. *Marie-Dessisso v. JP Morgan Chase Bank, N.A.*, 15-CV-5152, 2015 WL 5732127, at *3 (E.D.N.Y. Sept. 28, 2015).

Plaintiffs then filed said "trust" with the New York City Registrar. *Id.* at 24. Plaintiffs now appear to argue that since they conveyed the property to a trust, the foreclosure was improper, and seek return of their former property. *Id.* at 5-6.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. Fed. R. Civ. P. 12(h)(3); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Hawkins–El III v. AIG Federal Savings Bank*, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint). The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and the amount in controversy are met, *see* 28 U.S.C. § 1332." *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or

waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted).

## DISCUSSION

Plaintiffs assert the Court's jurisdiction on the basis of federal question. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). To the extent Plaintiffs seek to have the Court intervene in their dispute with Defendants regarding any foreclosure, the Court is without jurisdiction to grant Plaintiffs the relief they seek.

The Rooker-Feldman doctrine stands for "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[.]" *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). It precludes cases brought in lower federal courts "by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements for the application of the Rooker-Feldman doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (brackets and quotation marks omitted).

In the particular context of state court judgments of foreclosure, courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine. *See, e.g.*, *Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x. 20, 21 (2d Cir. 2016) (district court lacks jurisdiction to invalidate a foreclosure judgment); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007) (same); *see also Lao Teh Hung v. Hurwitz*, 17-CV-4140, 2017 WL 3769223, at *2 (E.D.N.Y. Aug. 29, 2017) (Kuntz, J.) (noting that judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law); *Coleman v. J.P. Morgan Chase Bank, N.A.*, 16-CV-5062, 2016 WL 5079506, at *2 (E.D.N.Y. Sept. 16, 2016) (Cogan, J.) ("To the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks."); *Modica v. Eastern Sav. Bank*, 14-CV-1384, 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) (Matsumoto, J.) (federal court lacks jurisdiction over judgments of foreclosure as they are "fundamentally matters of state law"). Here, Plaintiffs lost in state court, their requested relief is to be restored possession of their former property, and any state court judgments were rendered before Plaintiffs initiated the instant action. Therefore, Rooker-Feldman applies and this Court lacks jurisdiction over the matter.

## CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiffs' claims. The Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment. Although Plaintiffs have paid the filing fee to commence the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2018
      Brooklyn, New York